IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV126-1-V

| | |
|---|---|
| VALENTIN VILLAREAL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent, )<br>)<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed March 21, 2007.

## PROCEDURAL HISTORY

On or about April 30, 2003, Petitioner was indicted for violating 21 U.S.C. §§ 841 and 846. On May 26, 2004, after trial by jury, Petitioner was convicted on both counts. On the special verdict form the jury indicated that they found Petitioner guilty of conspiracy to possess with intent to distribute greater than 1,000 kilograms of marijuana. On February 14, 2005, this Court sentenced Petitioner to 135 months imprisonment. On February 15, 2005, Petitioner filed a Notice of Appeal. On May 22, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction.

On March 21, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. Petitioner raises four claims of ineffective assistance of counsel in his motion: 1)

conflict of interest; 2) failure to argue Booker; 3) failure to prepare; and 4) failure to argue Apprendi on appeal.

## ANALYSIS

I. **INEFFECTIVE ASSISTANCE OF COUNSEL**

Claims of ineffective assistance of counsel are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992), cert. denied, 506 U.S. 885 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

   A. **Conflict of Interest**

Petitioner alleges that his counsel was ineffective because a conflict of interest existed between them. Petitioner provides only generalities to support his assertion. He relies upon such broad and conclusory statements as "counsel did not believe statements of fact that were told to him during interviews" and "[c]ounsel was not prepared, called no defense witnesses or had formulated any pertinent valuable questions from the Petitioner's information . . . ." (Mot. to Vac. p. 10). As stated below, Petitioner's assertions are insufficient to state a claim of ineffective

assistance of counsel.

Petitioner's assertion that his counsel did not believe his version of the facts, even if true, does not support a finding of a conflict of interest. A defense counsel need not believe a defendant's version of events in order to be a vigorous advocate. A review of the proceedings reveals that Petitioner's counsel was a vigorous advocate on the behalf of his client.

Petitioner's allegation of lack of preparation is not a conflict of interest claim and furthermore is belied by the record. Again, a review of the trial transcript and sentencing hearing transcript reveal that his counsel vigorously defended him throughout the course of Petitioner's criminal proceeding including with regard to discovery and suppression issues.

**B. Failure to Argue Booker**

Petitioner alleges that his counsel was ineffective for failing to object to the Court's imposition of a 135 month sentence. More specifically, Petitioner alleges that "the additional fifteen month enhancement[1] that the Court added to the alleged offense base level was unreasonable outside the Sentencing Guidelines Range as the District Court clearly didn't provide an adequate statement of reasons for the additional period of fifteen months incarceration." (Mot to Vac. p. 12). Petitioner argues that his counsel should have "developed a logical reason for the alleged enhancement not to be calculated towards the actual sentencing." (Mot to Vac. p. 12).

A review of the sentencing transcript reveals that Petitioner's counsel vociferously argued that in light of the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005),

---

[1] The Court notes that contrary to Petitioner's assertions in his Motion to Vacate, he did not receive an enhancement under the Guidelines. Petitioner's base offense level was calculated to be a 32. Petitioner's base offense level of 32 was not enhanced. His base offense level of 32 was combined with his criminal history level of II and resulted in a guideline range of 135 months to 168 months.

Petitioner should be sentenced to the statutory minimum of 120 months.  (Sent Hearing Trans. pp. 6-11, 14-16).  Petitioner's lack of success was not a result of any ineffectiveness on counsel's part.

Petitioner also appears to argue that his counsel should have objected to his sentence because this Court did not adequately state its reasons for the sentence imposed.  Petitioner is mistaken.  This Court clearly stated its reason for selecting a 135 month sentence.  When imposing Petitioner's sentence, this Court stated "the guidelines adequately address the factors in 3553(a), particularly deterrence and rehabilitation.  The court has considered the offense conduct, the characteristics of defendant, and other items presented in the presentence report and here at sentencing."  (Sent. Hearing Trans. p. 16).  As such, Petitioner's counsel was not ineffective for failing to challenge the Court's alleged lack of reasoning.

Petitioner also alleges that his counsel was ineffective for failing to object to this Court's treatment of the sentencing range under the Sentencing Guidelines as presumptive.  This Court properly followed the sentencing scheme set forth by the Supreme Court in <u>Booker</u>.  That is, a guideline range was calculated and then this Court considered factors in § 3553(a) and imposed a reasonable sentence.

Petitioner also argues that had his counsel presented "pertinent facts" this Court would have sentenced him to 120 months.  Petitioner fails to provide any information with regard to these "pertinent facts."  Consequently, Petitioner has failed to state a claim.

C. **Deficient Preparation**

In his third claim, Petitioner asserts that an essential responsibility of defense counsel is to

advise a defendant about whether or not he should plead guilty and about his potential exposure.[2] After making these general statements, Petitioner in no way connects these general legal statements to the facts of his case. As such, Petitioner has failed to establish that his counsel was ineffective on this basis.

Petitioner also alleges that his counsel was ineffective because "[h]ad counsel taken the necessary time to research case law applicable to Petitioner's case, the Court would of most likely given a lesser sentence in this situation." (Mot. to. Vac. p. 14). To support this assertion, Petitioner states that "being that the Petitioner clearly was entrapped by a Confidential Informant diminished the positive outcome of a jury trial when Trial Counsel was unprepared to attack the Prosecution and especially subpoena the CI at the trial as evidence." (Mot. to. Vac. p. 14). Given the lack of specificity by Petitioner, it is not entirely clear to this Court what Petitioner is arguing.

To the extent Petitioner is arguing that his attorney should have called the confidential informant to testify, he fails to provide any indication of what testimony this individual would have provided that would have been beneficial to him. Indeed, Petitioner never denied his responsibility for the drugs seized during the transaction which involved the confidential informant. Again, Petitioner has failed to state a claim of ineffective assistance of counsel and this claim is dismissed.

### D. Failure to Argue Apprendi on Appeal

Finally, Petitioner alleges that his counsel was ineffective for failing to argue on appeal that based upon Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny he should have

---

[2] It is clear from the record that a plea agreement option was discussed at length.

received a lower sentence. In support of his argument Petitioner states that the jury's general verdict of guilty on the conspiracy count in conjunction with the testimony at trial lead to a conclusion that the drug amounts involved were much lower than the amount he was held responsible for at sentencing. Petitioner claims that despite being aware of the existence of <u>Apprendi</u> arguments, his counsel chose not to raise them on appeal.

The jury in Petitioner's case returned a verdict of guilty on the conspiracy count and specifically indicated that they found Petitioner guilty of conspiracy to possess with intent to distribute 1000 or more kilograms of marijuana. As such, any argument based upon <u>Apprendi</u> or its progeny would have been meritless and Petitioner's ineffective assistance of counsel claim on this basis is frivolous and is dismissed.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: April 2, 2007

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge